Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff SHARON SMITH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SMITH, an individual, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| vs. | 1) THE FAIR DEBT COLLECTION PRACTICES ACT, |
| CREDITOR IUSTUS ET REMEDIUM, LLP, a California limited liability partnership dba CIR LAW OFFICES; and DOES 1-10, inclusive, | AND |
| | 2) THE ROSENTHAL ACT. |
| Defendants. | DEMAND FOR JURY TRIAL. |

**I. JURISDICTION AND VENUE.**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, SHARON SMITH ("Plaintiff"), is a natural person. At all relevant times, she resided in Ventura County, California.

4. Defendant CREDITOR IUSTUS ET REMEDIUM, LLP (hereinafter "CIR"), is, and at all times relevant herein was, a limited liability partnership with its principal place of business at 8665 Gibbs Drive, Suite 105, San Diego, California 92123-1739.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff is a retired widow in her eighties.

9. In or around July, 2015, a plumbing company using the name "Rooter Hero" came to Plaintiff's home and offered to perform work which, they convinced

her, was urgent and necessary. The cost of the work would be approximately $12,000.00. Before the plumber's workers performed any labor, and before Plaintiff signed any documents, Plaintiff informed the plumber that she wanted to pay for any necessary work with a charge card she already had. Nevertheless, personnel for the plumbing company submitted a credit application to Synchrony Bank without Plaintiff's consent, and then charged their services to that newly opened account.

10. Workers acting under the direction of "Rooter Hero" performed their work in a rushed, shoddy, incompetent fashion. Plaintiff perceived some of the problems immediately, and filed a complaint with the Contractor's State License Board against "Rooter Hero."

11. To her astonishment, Plaintiff soon received a billing statement from Synchrony Bank, reflecting their view that she owed the bank more than twelve thousand dollars for the incompetent services performed by "Rooter Hero."

12. Plaintiff immediately disputed the account with Synchrony Bank, explaining the situation in detail: That the "Hero" had, in fact, utterly failed to perform the services which she agreed to pay for, and that she never consented to a financing arrangement; that she in fact specifically directed the sales representative of "Rooter Hero" to use a different payment method.

13. Synchrony Bank did not address Plaintiff's points at all, or conduct a reasonable, meaningful investigation of the matter. Instead, Synchrony Bank turned the account over to CIR to collect the disputed debt from Plaintiff.

14. CIR mailed Plaintiff a letter dated April 26, 2016, demanding $12,242.91, and stating, in part, "This communication is from a debt collector. This is an attempt to collect a debt . . ." . CIR described itself as "LAW OFFICES INTERNATIONAL," though upon information and belief it has no offices outside of

San Diego, California.[1]

15. On April 30, 2016, Plaintiff mailed CIR a letter stating, in part, "I repeatedly disputed this alleged debt in detail with Synchrony Bank. I also filed complaints relating to the underlying transaction with Contractor's State License Board, etc. [¶] What you are now attempting to collect is not a valid debt. I therefore refuse to pay it. [¶] I demand that you immediately refrain from any further attempts to communicate with me regarding the debt."

16. CIR ignored Plaintiff's cease communication letter. On May 25, 2016, CIR sent Plaintiff a letter stating, in part, "our client has verified that the debt is in existence and is owing and is due . . . if you wish to discuss this matter and attempt to amicably resolve it, we will welcome a call from you . . ." And, "This communication is from a debt collector. This is an attempt to collect a debt . . ."

17. CIR's letter from May 25, 2016, was an attempt to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

**FIRST CLAIM FOR RELIEF**

(For Violations of the FDCPA Against CIR and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

---

[1] While CIR's formal name – CREDITOR IUSTUS ET REMEDIUM – is in a foreign language, the language is Latin, which has not been natively spoken by any human beings for more than fifteen hundred years.

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

20. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, helplessness, shame, anxiety, loss of sleep, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees. Further, pursuant to California Code of Civil Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

## SECOND CLAIM FOR RELIEF
(For Violations of the Rosenthal Act Against CIR and DOES 1 through 5, inclusive)

21. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 20 above.

22. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

///
///
///

    a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

    b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

    c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c(c) and California Civil Code section 1788.17;

    d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

23. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs. Further, pursuant to California Code of Civil Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

    1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

    2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

    3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

    4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff SHARON SMITH requests a trial by jury.

DATED: June 4, 2016                     Respectfully submitted,

                                        By: _____
                                        Aidan W. Butler
                                        Attorney for Plaintiff
                                        SHARON SMITH